# IN RE: EFFEXOR (VENLAFAXINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION.

## MDL No. 2458.

United States Judicial Panel on Multidistrict Litigation.

Aug. 6, 2013.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, PAUL J. BARBADORO, MARJORIE O. RENDELL, CHARLES R. BREYER, LEWIS A. KAPLAN, and SARAH S. VANCE, Judges of the Panel.

### TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiffs in the Eastern District of Pennsylvania *Boyer* action move for coordinated or consolidated pretrial proceedings in the Eastern District of Pennsylvania before Judge Cynthia M. Rufe. All responding parties support or do not oppose the motion, to the extent that Judge Rufe has the time and capacity to take on this MDL while also presiding over MDL No. 2342—*In re: Zoloft (Sertraline Hydrochloride) Products Liability Litigation.* Defendants Pfizer Inc. and Pfizer International LLC (collectively Pfizer), and Wyeth LLC and Wyeth Pharmaceuticals Inc. (collectively Wyeth) suggest centralization in the District of New Jersey, as an alternative. Plaintiffs in the Southern District of California action seek

to preserve their jurisdictional objections [1] but, along with plaintiffs in potential tag-along actions in the Southern District of New York, support centralization in the Eastern District of Pennsylvania before Judge Rufe or, alternatively, in the Southern District of New York. This litigation currently consists of nine actions pending in five districts as listed on Schedule A.[2]

On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that Effexor, a prescription medication approved for the treatment of depression, causes birth defects in children when their mothers ingest the drug while pregnant. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Eastern District of Pennsylvania is an appropriate forum for this litigation. Wyeth is headquartered in that district and at least five actions are pending there, including the most advanced *Boyer* action. The claims regarding Effexor in this litigation parallel the claims as to the drug Zoloft in MDL

No. 2342—which is already before Judge Rufe and also involves Pfizer as common defendant—and there may be some overlap between these litigations in pretrial proceedings, particularly as to expert discovery. Judge Rufe, who also is presiding over an Effexor potential tag-along action, is in a unique position to guide this litigation, involving some of the same parties and counsel as MDL No. 2342, to an efficient resolution.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings in that district.

### SCHEDULE A

MDL No. 2458 — **IN RE: EFFEXOR (VENLAFAXINE HYDROCHLORIDE) PRODUCTS LIABILITY LITIGATION**

*Southern District of California*
A.H., et al. v. Pfizer, Inc., et al., C.A. No. 3:13–00879

*Northern District of Illinois*
Tonya Sitkowski, et al. v. Wyeth Pharmaceuticals, Inc., et al., C.A. No. 1:12–08326

*Northern District of Mississippi*
Billie Sue Miles v. Wyeth, Inc., et al., C.A. No. 3:12–00041

1. Plaintiffs' jurisdictional objections are not before the Panel.

2. An additional five cases were included in the initial motion for centralization, three pending in the Central District of California and two in the Eastern District of California, but they have been remanded to state court. The order to remand in one Eastern District of California action has been appealed to the Ninth Circuit.

Additionally, the Panel has been notified of 36 related actions pending in the Central District of California, the Eastern District of California, the Northern District of California, the Southern District of California, the Southern District of New York, the Eastern District of Pennsylvania, and the Middle District of Pennsylvania. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

*Northern District of Ohio*

*Melissa Beatty v. Wyeth Pharmaceuticals, Inc.,* et al., C.A. No. 1:13–00677

*Eastern District of Pennsylvania*

*Glenn Boyer, et al. v. Wyeth Pharmaceuticals, Inc.,* et al., C.A. No. 2:12–00739

*Quintin Decker, et al. v. Wyeth Pharmaceuticals, Inc.,* et al., C.A. No. 2:12–02052

*Lilypearl Victory Demastus, et al. v. Wyeth Pharmaceuticals, Inc.,* et al., C.A. No. 2:12–05057

*Alivia Adamczyk, et al. v. Wyeth Pharmaceuticals, Inc.,* et al., C.A. No. 2:12–05058

*Kevin Johnson, et al. v. Wyeth Pharmaceuticals, Inc.,* et al., C.A. No. 2:12–06366